# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN RENDON, TAYLOR HENNINGER, and JESUS GONZALEZ, | )<br>)<br>) Civil Action No. 08-1665 |
| Plaintiffs, | ) Judge Nora Barry Fischer |
| v. | ) |
| MICHAEL RAGANS, CARLOS DEOLIVEIRA, and WENDY DEOLIVEIRA his wife, | )<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION**

I.     INTRODUCTION

This matter is before the Court on Defendants Carlos and Wendy DeOliveira's Motion to Dismiss Plaintiffs Juan Rendon, Taylor Henninger, and Jesus Gonzalez's breach of contract claims against the DeOliveiras filed on March 16, 2009.[1] (Docket No. 6). Defendants contend that Plaintiffs' breach of contract claims are barred by the two-year statute of limitations in the Pennsylvania Real Estate Seller Disclosure Law ("RESDL"), 68 Pa. C.S. § 7301 *et seq.* (Docket No. 6 at 4-5). Alternatively, Defendants argue that the terms and conditions of the Sales Agreements[2] preclude Plaintiffs' claims. Plaintiffs filed their Response to Defendants' Motion to Dismiss on

---

[1] The present lawsuit is related to another lawsuit before this court in which Defendants Carlos and Wendy DeOliveiras claim defamation as a result of the dissemination of email communications in which Plaintiff Rendon and others allegedly stated false, inaccurate, deceptive, and defamatory statements about Defendants. (Civ. A. No. 08-672; Docket No. 1-2 at ¶¶ 42-61).

[2] For each transaction, Defendants prepared a general agreement form listing the address of the property being sold, the closing price, and other terms that will be discussed in greater detail below. Plaintiff has attached copies of each agreement to its Complaint. (Docket No. 1-2 through 1-7).

April 6, 2009, in which they maintain that the facts set forth in the Complaint properly allege a breach of contract claim which survives the bar of the statute of limitations. (Docket No. 11). Thereafter, on April 15, 2009 Defendants filed their Reply, further articulating support for their motion. (Docket No. 15). For the reasons outlined herein, Defendants' Motion to Dismiss is DENIED.

II.     FACTUAL BACKGROUND

Between approximately October 2005 and March 2006, Defendants sold six (6) parcels of real property to Plaintiffs. (Docket No. 1 at ¶ 8). The DeOliveiras sold two parcels to Plaintiffs Rendon and Gonzales, specifically:

    a.    290 Florence Street, Sharon, Pennsylvania 16146, on or about October 3, 2005, for $14,600; and

    b.    111 North Second Street, Duquesne, Pennsylvania, 15110, on or about November 9, 2005, for $16,500

(Docket No. 1 at ¶ 10). The DeOliveiras sold four parcels to Plaintiffs Rendon and Henninger, specifically:

    a.    2901 Stewart Street, McKeesport, Pennsylvania 15132, on or about December 5, 2005, for $17,600;

    b.    1310 Second Street, Beaver Falls, Pennsylvania 15010, on or about November 28, 2005, for $16,500;

    c.    80 Pine Street, Natrona Heights, Pennsylvania, 15065, on or about December 5, 2005, for $16,300; and

    d.    926 Twelfth Street, Beaver Falls, Pennsylvania 15010, on or about December 5, 2005, for $15,600.

(Docket No. 1 at ¶ 11). Plaintiffs allege that Defendants did not provide them with properly executed Sales Agreements in connection with the sale of any of the parcels. (*See Id.* at ¶¶ 9-14).

Defendant Michael Ragans[3] initially solicited Plaintiffs in California to invest in a "proven program" in which they would provide funds to Defendants to purchase large blocks of foreclosed real estate, including the six parcels in question. (*Id.* at ¶¶ 16, 19-22). Ragans represented that these parcels were in good condition and only needed "nominal repairs." (*Id.* at ¶ 23). Plaintiffs claim that, relying on these representations, they purchased the six parcels in question. (*Id.* at ¶ 26).

In connection with each Sales Agreement entered into between the parties, Defendants allegedly failed to provide Plaintiffs with "Seller Disclosure Statements" as required by the Sales Agreements as well as the RESDL (*Id.* at ¶¶ 27-28). Plaintiffs also aver that because they were located in California, they were unable to visit and inspect the six parcels prior to purchasing them, and instead relied on Defendants' representations as to the condition of the parcels. (*Id.* at ¶¶ 31-32). According to Plaintiffs, Defendant Carlos DeOliveira personally guaranteed in his correspondence with Plaintiff Juan Rendon that if Plaintiffs encountered difficulty in selling the property for a profit, Defendants would rescind the sales transactions and fully refund the purchase price paid and all costs related to the transactions. (*Id.* at ¶ 34)[4].

Around April or May of 2006, Plaintiffs discovered that the six parcels contained substantial material defects.[5] (*See id.* at ¶¶ 41-42). Plaintiffs claim that due to Defendants' failure to provide complete and accurate seller disclosure statements, such defects were not discoverable until April

---

[3] Defendant Ragans has neither moved to dismiss nor answered Plaintiffs' Complaint. Accordingly, Plaintiffs filed, and this Court granted, a Motion for Default Judgment against Defendant Ragans on April 24, 2009. To date, Defendant Ragans has not moved to open this Default Judgment.

[4] This correspondence is not part of the Complaint.

[5] Plaintiffs do not aver the nature of these alleged material defects.

or May of 2006, when Plaintiffs began to ready the properties for sale. (*Id.* at ¶ 44). Plaintiffs aver that they demanded that Defendants rescind the sales transactions per the agreement, but that Defendants refused.[6] (*Id.* at ¶¶ 48-49). Due to the condition of the described real estate, Plaintiffs received citations for violating various borough and city ordinances, and were required to pay fines and perform necessary repairs to the properties. (*Id.* at ¶¶ 50-51). Overall, Plaintiffs claim to have incurred costs in excess of $90,000. (*Id.* at ¶ 56).

III. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Although Federal Rule of Civil Procedure 8(a) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, it is not enough "to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of the proscribed conduct." *Phillips*, 515 F.3d at 233 (quoting *Twombly*, 550 U.S. at 563 n.8)(internal quotation omitted). Moreover, factual allegations in the complaint may not be "so undeveloped that it does not provide a defendant the type of notice which is contemplated by Rule 8." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

In ruling on a motion to dismiss, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)(internal quotation and citation omitted). "Nonetheless, a court need not credit a plaintiff's 'bald assertions' or 'legal conclusions' when deciding a motion

---

[6] Plaintiffs do not detail in their Complaint the exact exchange between them and Defendants.

4

to dismiss." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007)(quoting *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)(internal quotation omitted)).

IV. DISCUSSION

Under Pennsylvania law, an action for breach of contract has three elements: 1) the existence of a contract, including its essential terms; 2) a breach of a duty imposed by the contract; and 3) resulting damages. *Novinger Group, Inc. v. Hartford Insurance, Inc.*, 514 F. Supp. 2d 662, 670 (M.D. Pa. 2007)(citing *Omnicron Systems v. Weiner*, 860 A.2d 554, 564 (Pa. Super. 2004)). Plaintiffs have sufficiently alleged the existence of a contract between the parties for each of the six involved properties (Docket No. 1 at ¶¶ 68, 78, 88, 98, 108), a breach of a duty under the contract, namely to disclose material defects as well as good faith and fair dealing (*Id.* at ¶¶ 27-34, 63, 73, 83, 93, 103), and resulting damages (*Id.* at ¶¶ 53-56). Accordingly, Plaintiffs have sufficiently stated a claim for breach of contract. However, Defendants contend that Plaintiffs' breach of contract claims are defeated by either the statute of limitations under the RESDL, the "as is" clause of the Sales Agreements, or the Seller Disclosure Statement provided for the property located at 1310 2nd Street. The Court will consider each argument, in turn.

A. *Statute of Limitations*[7]

Defendants argue that Plaintiffs' breach of contract claims are barred by the two-year statute of limitations set forth in the RESDL as the properties in question were sold between October of 2005 and March of 2006 and this action was filed on December 5, 2008. Defendants contend that the RESDL is applicable because Plaintiffs' breach of contract claims essentially seek recovery for

---

[7] The Court notes that certain of Plaintiffs' claims sound in negligence. Such claims are likely barred by the two-year statute of limitations. 42 Pa. C.S. § 5524(7).

5

violations of the RESDL. (Docket No. 7 at 4). Plaintiffs respond that the alleged violations of the RESDL are part of their overall breach of contract claims, which are subject to a four-year statute of limitations under Pennsylvania law. (Docket No. 11 at 5-6).

The RESDL generally requires that a seller who intends to sell real property shall disclose any material defects in a form that satisfies the requirements of the statute. 68 Pa. C.S. §§ 7303-04. The RESDL provides that "an action for damages as a result of a violation of this chapter must be commenced within two years after the date of final settlement." 68 Pa. C.S. § 7311(b). However, the RESDL does not make itself the sole remedy here for an action emanating from a sale of real property. 68 Pa. C.S. § 7311(a). At the same time, a breach of contract claim under Pennsylvania law is subject to a four-year limitations period. 42 Pa. C.S. § 5525.[8]

A motion to dismiss may be premised on statute of limitations grounds only if the bar is apparent on the face of the complaint. *Robinson v. Johnson*, 313 F.3d 128, 134-35 (3d Cir. 2002). "If the bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." *Id.* at 135. Here, Plaintiffs do allege that Defendants failed to provide disclosure statements as required by the RESDL. (Docket No. 1 at ¶¶ 27-30, 36-38, 61, 71, 91, 101, 111). However, they also contend that alleged failures to disclose are part of Plaintiffs' overall claims that Defendants breached the agreements for the sale of the properties in question, and emphasize that Plaintiffs do not seek damages under the RESDL alone. (Docket No. 11 at 6-7). Defendants argue that Plaintiffs are bootstrapping time-barred claims of

---

[8] To the extent that Plaintiffs allege a breach of an oral agreement, the four-year statute of limitations for breach of contract actions applies to both written and oral contracts. *See In re Feinberg*, 202 B.R. 206, 221 (Bankr. E.D.Pa. 1996); *Sadtler v. Jackson-Cross Co.*, 587 A.2d 727, 731 (Pa. Super. 1991)(applying a four-year statute of limitations to "an action upon an express contract not founded upon an instrument in writing")(quoting 42 Pa. C.S. § 5525(a)(7)).

RESDL violations onto their breach of contract claims by pleading the same as breach of contract claims, which are subject to a the four-year statute of limitations. (Docket No. 7 at 2-3).

While Plaintiffs' claims may rely in part on alleged violations of the RESDL, it is not apparent from the face of the Complaint that all of Plaintiffs' breach of contract claims fall under the RESDL and are thus barred by its statute of limitations. For example, even if the alleged violations of the RESDL were removed from the Complaint, Plaintiffs also allege breach of the duty of good faith and fair dealing pursuant to the real estate sales contract, (Docket No. 1 at ¶¶ 27, 36), and such claims are governed by a four-year statute of limitations period. *In re Feinberg*, 202 B.R. 206, 221 (Bankr. E.D. Pa. 1996). Further, the language of the statute itself does not limit Plaintiffs' contractual remedies. 68 Pa. C.S. § 7311(a).[9] Thus, based on the averments in Plaintiffs' Complaint which the Court accepts as true, the Court finds that Plaintiffs' claims are not clearly barred by any statute of limitations. *Robinson*, 313 F.3d at 134-35.

B. *"As Is" Clause*

Defendants also contend that Plaintiffs' breach of contract claims should be dismissed because the Sales Agreements contained an "as is" clause pursuant to which Plaintiffs agreed to purchase the subject properties in their condition at the time of the sale. (Docket No. 7 at 5-7). Defendants further argue that the Sales Agreements are the final expression of the parties' intent, hence the parol evidence rule should bar the introduction of evidence in support of Plaintiffs' breach

---

[9] The RESDL states, in pertinent part:

> This subsection shall not be construed so as to restrict or expand the authority of a court to impose punitive damages or apply other remedies applicable under any other provision of law.

68 Pa. C.S. § 7311(a).

7

of contract claims. (*Id.* at 7). Plaintiffs counter that their claims should not be dismissed on these bases. Specifically, they maintain that they never received the fully executed documents containing the "as is" clauses (Docket No. 1 at ¶¶ 11, 14); these documents contain no integration clauses; and, as no discovery has been conducted, it is too early to determine whether the parol evidence rule applies or not. (Docket No. 11 at 8-9).

Under Pennsylvania law, "when something is accepted 'as is' the buyer is put on notice that there may be liabilities attendant to the purchase. The warranties which may otherwise be implied by law do not attach when the buyer agrees to accept the goods in the condition in which they are found." *PBS Coals, Inc. v. Burnham Coal Co.*, 558 A.2d 562, 565 (Pa. Super. 1989); *see also In re Sugarhouse Realty*, 192 B.R. 355 (E.D. Pa. 1996). The Pennsylvania Superior Court has held that an "as is" clause in a contract to transfer real property has the same effect as in a contract for the sale of goods in that it puts the buyer on notice that all warranties as to condition are disclaimed and there may be liabilities attendant to the purchase. *PBS Coals*, 558 A.2d at 564. Also, the risk of loss as to the condition of the property and any resulting damages is placed on the buyer. *Id.* at 564-565.

The "as is" clause at issue provides as follows:

> Said property is sold in 'as is' condition, Seller disclaiming any warranty of merchantability, fitness or working order or the condition of the property except that it shall be sold in its present condition, reasonable wear and tear excepted.

(Docket No. 7 at 5). This clause clearly disclaims all warranties and states that the property shall be sold in its "present condition, reasonable wear and tear excepted," thereby placing the risk of loss on Plaintiffs and putting Plaintiffs on notice that there may be some defects in the property. *Id.* However, even where there is a clear "as is" clause, Pennsylvania law allows a claim to proceed on the basis of misrepresentation as to the condition of the property. *Morningstar v. Hallett*, 858 A.2d

8

125, 131 (Pa. Super. 2004) (citing *Industrial Rayon Corp. v Clifton Yarn Mills, Inc.*, 165 A. 385 (1933)). Here, Plaintiffs allege that Defendants both failed to disclose the material defects and otherwise misrepresented the true condition of the property, namely assuring them that only "minor repairs" were necessary. (Docket No. 1 at ¶¶ 27-29, 32-33). Further, Defendant Carlos DeOliveira allegedly guaranteed that if Plaintiffs were not satisfied with the properties or their condition, Defendants would rescind the sales transactions and refund Plaintiffs. (Docket No. 1 at ¶ 34). Assuming these allegations are true, the mere presence of the "as is" clause will not defeat Plaintiffs' breach of contract claims, at this time.

Additionally, the parties contest whether the Sales Agreements represent the final and complete expression of the parties' agreement. Plaintiffs argue that the Sales Agreements with the "as is" clauses, do not include integration clauses that would evidence the finality and completeness of the agreement. (Docket No. 11 at 8-9). Defendants contend that despite the absence of an integration clause, the "as is" clause represents the final and complete expression of intent as to their condition, and that Plaintiffs are barred from introducing parol evidence to change or vary the terms of the agreement. (Docket No. 15 at 4). "Where a contract contains an integration clause, 'the law declares the writing to not only be the best but the only evidence of [the parties'] agreement.'" *Rahemtulla v. Hassam*, 539 F. Supp. 2d 755, 772 (M.D. Pa. 2008)(quoting *Yocca v. Pittsburgh Steelers Sports, Inc.*, 854 A.2d 425, 436 (Pa. 2004)). Under Pennsylvania law, the parol evidence rule provides:

> [w]here the parties to an agreement adopt a writing as the final and complete expression of their agreement, alleged prior or contemporaneous oral representations or agreements concerning subjects that are specifically covered by the written contract are merged in or superseded by that contract.

9

*Blumenstock v. Gibson*, 811 A.2d 1029, 1037 (Pa. Super. 2002).

The Pennsylvania Supreme Court has ruled that where the alleged oral representations concern a subject which is specifically addressed in the written contract, and the written contract covers or purports to cover the entire agreement of the parties, mere allegations of falsity or fraud will not make parol evidence admissible. *See Bardwell v. Willis Co.*, 100 A.2d 102, 104 (Pa. 1953)(cited with approval, *Blumenstock*, 811 A.2d at 1036); *see also Youndt v. First Nat'l Bank*, 868 A.2d 539, 547-48 (Pa. Super. 2005)(holding that parol evidence rule bars admission of prior oral representations of condition of property where the written contract contains an "as is" clause and an integration clause).[10] "*Bardwell* has been interpreted to mean that parol evidence of

---

[10]

In *Bardwell*, the Pennsylvania Supreme Court considered an agreement that contained what may be construed as an "as is" clause as well as an integration clause as follows:

> Where the alleged prior contemporaneous oral representations or agreements concern a subject specifically dealt with in the written contract, and the written contract covers or purports to cover the entire agreement of the parties, the law is now clearly and well-settled that in the absence of fraud, accident or mistake the alleged oral representations or agreements are merged in or superseded by the subsequent written contract, and parol evidence to vary, modify, or supersede the written contract is inadmissible in evidence.
>
> There is not the slightest doubt that if plaintiffs had merely averred the falsity of the alleged oral representations, parol evidence thereof would have been inadmissible. Does the fact that plaintiffs further averred that these oral representations were *fraudulently made* without averring that they were *fraudulently* or by accident or mistake omitted from the subsequent complete written contract suffice to make the testimony admissible? The answer to this question is 'no;' if it were otherwise, the parol evidence rule would become a mockery, because all a party to the written contract would have to do to avoid, modify, or nullify it would be to aver (and prove) that the false representations were *fraudulently* made.

*Bardwell*, 100 A.2d at 104 (emphasis in original).

representations is inadmissible as to a matter covered by a written agreement *with an integration clause* unless the parties agreed that those representations would be added to the written agreement but they were omitted because of fraud, accident, or mistake." *Blumenstock*, 811 A.2d at 1036. (emphasis added).

In the present matter, Plaintiffs note that the Sales Agreements, copies of which are attached to the Complaint, do not contain integration clauses or any other language indicating that the agreement is the final and complete expression of the parties' intent. (*See* Docket Nos. 1-2 through 1-7). Defendants concede that the Sales Agreements do not contain integration clauses. (Docket No. 15 at 4). In the absence of an integration clause, a court may examine the text of the agreement to determine its completeness, and consider all evidence that comprises the entire agreement of the parties. *Ritti v. U-Haul Int'l, Inc.*, Civ. A. No. 05-4182, 2006 U.S. Dist. LEXIS 23393, at *27-28 (E.D. Pa. April 26, 2006). As this matter is before the Court on a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider exhibits attached to the Complaint. *See Chester County Intermediate Unit v. Pa. Blue Shield*, 896 F.2d 808, 812 (3d Cir. 1990). Because Plaintiffs have attached as exhibits to their Complaint copies of the alleged Sales Agreements containing the "as is" clause in question, the Court will now consider the text of same to determine their completeness. After detailing the names and addresses of the buyers and sellers, the address of the property being sold, and the closing price and related costs, the Sales Agreements all state as follows:

> 3. Seller warrants it has good and marketable title to said property, full authority to sell said property, and said property shall be sold by warranty bill of sale, free and clear of all liens, encumbrances, liabilities, and adverse claims of every nature and description.
>
> 4. Said property is sold in "as is" condition, Seller disclaiming any warranty of merchantability, fitness or working order or

11

> the condition of the property except that it shall be sold in its present condition, reasonable wear and tear excepted.
>
> 5. The parties agree to transfer title within 45 days of receipt of this signed agreement. Time is of the essence
>
> 6. This agreement shall be binding upon and insure to the benefit of the parties, their successors, assigns, and personal representatives.
>
> **7. OTHER TERMS: 2005 TAXES TO BE PRORATED AT THE DATE OF CLOSE AND REIMBURSED BY THE BUYER TO THE SELLER.**

(Docket No. 1-2 through 1-7).

In this Court's estimation, the finality and completeness of these Sales Agreements are difficult to determine, at this stage of the proceedings, given the absence of an integration clause or any language stating that the agreement is the final and complete expression of the parties' intent. Further, Plaintiffs allege Defendants never provided them with fully signed and executed Sales Agreements for the sale of any of the six properties in question. (Docket No. 1 at ¶¶ 9, 11). According to Plaintiffs, the documents attached to the Complaint are not fully signed or executed contracts and therefore, not representative of the final and complete expression of their agreement. (*Id.*) Additionally, Plaintiffs aver that Defendant Carlos DeOliveira personally guaranteed that if Plaintiffs were not satisfied with the properties or their condition, or if the Plaintiffs encountered difficulty in reselling the properties for a profit, the DeOliveiras would rescind the sales transactions and fully refund the purchase price. (Docket No. 1 at ¶ 34).[11]

Given this allegation, coupled with the fact that no discovery has taken place to date, it is not

---

[11] Plaintiffs do not allege whether Mr. DeOliveiras made this guarantee orally or put it in writing.

yet appropriate to determine whether the writings to which Defendants refer is the "final and complete expression" of their Sales Agreements. *Blumenstock*, 811 A.2d at 1037. Assuming all allegations in the Complaint are true, and considering the Sales Agreements attached to same, the Court cannot say that the parol evidence rule would bar introduction of evidence as to the condition of the properties, such that Plaintiffs' breach of contract claims must be dismissed. *But see Kline v. EDS Relocation & Assignment Services*, Civ. A. No. 08-980, 2008 WL 4822026, at *7-8 (M.D. Pa. Nov. 4, 2008)(dismissing a breach of contract claim where an agreement for the sale of residential real estate contains an integration clause, and the alleged misrepresentations are in a disclosure statement not incorporated into the integrated sales agreement).

Moreover, in certain situations, parol evidence is admissible to prove allegations of fraud in the inducement. *Youndt*, 868 A.2d at 546. In a case of fraud in the inducement, "the party proffering evidence of additional prior representations does not contend that the representations were omitted from the written agreement, but, rather, claims that the representations were fraudulently made and that 'but for them' he would have never entered into the agreement." *Blumenstock*, 811 A.2d at 1036. In such cases, "the theory holds that since fraud induced the agreement, no valid agreement came into being and parol evidence is admissible to show that the alleged agreement is void. Nevertheless, the case law clearly holds that a party cannot justifiably rely upon prior oral representations yet sign a contract denying the existence of those representations." *Id.* When a contract contains no such term denying the existence of those representations, parol evidence is admissible to show fraud in the inducement. *Youndt*, 868 A.2d at 546. To the extent that Plaintiffs allege that they justifiably relied on certain oral representations of Defendants, and provided that the contract contains no language denying the existence of those prior oral representations, Plaintiffs

13

may be permitted to use parol evidence to show fraud in the inducement.

Based on the foregoing, Defendants' Motion to Dismiss Plaintiffs' Complaint on the grounds that the terms of the Sales Agreements preclude Plaintiffs' claims is denied.

      C.      *The Seller Disclosure Statement regarding the Property Located at 1310 2nd Street*

Defendants also maintain that because the Seller Disclosure Statement they provided to Plaintiffs in conjunction with the sale of the property located at 1310 2nd Street contains language stating that the buyer is purchasing the property "in its present condition" (Docket No. 1-8 at 5), Plaintiffs' breach of contract claim as to that specific property should be dismissed. (Docket No. 7 at 7). Plaintiffs counter that this disclosure statement was incomplete and unsigned, and there is no indication that Plaintiffs ever received said disclosure statement prior to the sale of the property, only that it was supplied at some point in time. (Docket No. 1 at ¶ 29; Docket No. 11 at 11-12).

This argument for dismissal suffers from similar shortfalls as Defendants' argument regarding the "as is" clause discussed above. Once again, there is no integration clause nor is there any language indicating that the Seller Disclosure Statements should in any way be incorporated into the overall Sales Agreement for this particular piece of property. *See Kline*, 2008 WL 4822026, at *7-8 (noting that terms of a disclosure statement that is not explicitly incorporated into the overall sales agreement are not part of the contract). As the Seller Disclosure Statement was attached as an exhibit to the Complaint, this Court may examine its text to determine completeness. *Ritti*, 2006 U.S. Dist. LEXIS 23393, at *27-28. Once again, the Court opines that it is premature to find that this Disclosure Statement is the final and complete expression of the parties' agreement. Accordingly, Defendants' Motion to Dismiss Plaintiffs' breach of contract claim as to the property at 1310 2nd Street is denied. *But see Kline*, 2008 WL 4822026, at *7-8.

14

V.	CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss [6] is DENIED and this case may proceed through discovery, after which the Court will surely entertain summary judgment motions wherein these defenses are renewed anew. It is further ordered that Defendants file their Answer to Plaintiffs' Complaint on or before June 29, 2009. An appropriate order follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: May 29, 2009
cc/ecf: All Counsel of Record.